UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x

MOTHANA MAHER HUSSEIN,

Plaintiff,

v.

THE CITY OF NEW YORK,

Defendant.

---------------------------------------------------x

**MEMORANDUM & ORDER**
1:25-CV-02493 (RPK) (MMH)

RACHEL P. KOVNER, United States District Judge:

Plaintiff Mothana Maher Hussein, proceeding *pro se*, brings this 42 U.S.C. § 1983 action against the City of New York, alleging that the City violated his First and Fourteenth Amendment rights when it revoked his "filing representative" license from the New York Department of Buildings ("DOB") after an administrative hearing. Defendant moved to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. For the following reasons, defendant's motion is granted.

## BACKGROUND

### I. Factual Background

The following facts are taken from the amended complaint and incorporated documents, including the exhibits attached to plaintiff's original complaint that are referenced in plaintiff's amended complaint. *See, e.g.*, Am. Compl. ¶¶ 2, 26, 39, 60 (referencing exhibits by name or exhibit number); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002) ("For purposes of [Rule 12(b)], the complaint is deemed to include any written instrument attached to it as an exhibit or any statements or documents incorporated in it by reference." (quotation marks omitted)). They are assumed true for purposes of this order.

In March 2019, plaintiff received a "Class 2 Code & Zoning filing representative registration" from the DOB, which "allowed him to file and manage construction applications on behalf of clients at DOB borough offices." Am. Compl. ¶ 12 (Dkt. #22); Compl. Ex. 1 ("Report & Recommendation") 11 (Dkt. #1-2);[1] *see also* N.Y.C. Admin. Code. § 28-416.1. On November 1, 2022—when New York City's Department of Citywide Administration Services ("DCAS") had a mask mandate in place—plaintiff entered DOB's Staten Island Borough Office without wearing a mask. Am. Compl. ¶¶ 14, 17–18. Plaintiff's recording of the interaction reflects that security officers, the director of DOB's Staten Island Borough Office, a DCAS employee, and the New York City Police Department repeatedly told plaintiff that he was required to wear a mask, and that if he refused, he would have to leave the building. Compl., Ex. 10A ("Transcript of Audio 1") (Dkt. #1-2); *id.*, Ex. 10B ("Transcript of Audio 2") (Dkt. #1-2). But plaintiff refused to wear a mask, *ibid.*, and ultimately was escorted out of the building. Am. Compl. ¶ 18.

While this interaction unfolded, Stacy Lorenzo, the director of DOB's Staten Island Borough Office, emailed DOB's Internal Affairs Division. She stated that plaintiff was "a repeat offender in inappropriate behavior within the borough office," who had "taunted the staff on several occasions," and who was currently refusing to wear a mask and had made a "stalker like statement" that worried her. *Id.* ¶ 26. In response, the DOB decided to review the matter for disciplinary action, *id.* ¶ 28, and in January and February 2023, it demanded that plaintiff appear for virtual interviews with the DOB, *id.* ¶ 32; Report & Recommendation 12–13. After plaintiff refused, the DOB petitioned to revoke plaintiff's license, alleging that plaintiff "acted in an unprofessional manner, refused to comply with masking requirements, and failed to appear for

[1] All exhibit page numbers refer to those on the bottom right in Dkt. #1-2.

interviews during an investigation" in violation of New York City's Administrative Code. Report & Recommendation 9.

A hearing on plaintiff's license revocation was held before an Administrative Law Judge ("ALJ") at the New York Office of Administrative Trials and Hearings ("OATH"), on July 12, 2023. Am. Compl. ¶ 36; Compl. Ex. 2 ("Final Revocation") 19 (Dkt. #1-2). Two witnesses testified at the hearing: Ms. Lorenzo and Jeanette Torres, a senior investigator for DOB who was assigned to plaintiff's matter. Report & Recommendation 9, 13; Am. Compl. ¶¶ 38, 40. After the close of testimony, plaintiff emailed the ALJ and the DOB, asking to introduce as evidence in the hearing a bank statement and related documentation, which he stated demonstrated that he was a "paying client" of the DOB when he entered the Staten Island Borough Office on November 1, 2022. Am. Compl. ¶ 56. The ALJ denied plaintiff's request, explaining that "the trial has concluded and the record remains open" only for limited purposes. *Id.* ¶ 58.

In October 2023, the ALJ issued an 11-page Report & Recommendation that recommended that plaintiff's license be revoked because plaintiff had "persistently displayed a deliberate and willful disregard of the Department's rules, as demonstrated by his actions on November 1, 2022, at the Staten Island Borough office and throughout the Department's investigatory process." Report & Recommendation 17. The DOB Commissioner adopted OATH's Report & Recommendation and revoked plaintiff's license on November 14, 2023. Final Revocation 19–20.

## II. Procedural History

Plaintiff sued the City of New York, asserting claims under 42 U.S.C. § 1983. Am. Compl. ¶¶ 75–100. Plaintiff pleaded that defendant violated his Fourteenth Amendment right to procedural due process through various purported infirmities in the revocation process: it "initiated an investigation pre-committed to 'disciplinary action,'" "demanded 'mandatory' interviews from

[p]laintiff without lawful authority," "prosecuted [p]laintiff at OATH using a hearsay-driven case built on internal emails and summaries," "failed to reconcile or credit the contemporaneous DCAS incident report," "generated, modified, and selectively used conflicting transcripts and audio of the OATH hearing, obscuring [a] key admission" and "refused to admit" evidence plaintiff submitted after the hearing concluded. *Id.* ¶¶ 78, 80. Plaintiff also pleaded that defendant violated his Fourteenth Amendment procedural due process rights by describing him as "unprofessional and threatening" without "an adequate name-clearing hearing," *id.* ¶¶ 86, 92, and retaliated against him for exercising his First Amendment rights by "deci[ding] to" revoke his license because he engaged in "protected speech and [insisted] on recording and enforcing written policies," *id.* ¶ 97. Finally, plaintiff asserted a freestanding "*Monell* liability" claim, alleging that the "violations described above were not isolated accidents but were carried out pursuant to municipal policy, custom, or practice." *Id.* ¶ 102.

Defendant moved to dismiss plaintiff's complaint under Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff failed to establish municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978); failed to establish a First or Fourteenth Amendment claim; and failed to exhaust his state administrative remedies, rendering his claims time-barred. *See* Def.'s Mem. of Law in Supp. of Mot. to Dismiss (Dkt. #25).

**STANDARD OF REVIEW**

A complaint will survive a motion to dismiss only if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). When evaluating a motion to dismiss under Rule 12(b)(6), a court "accept[s] all factual allegations in the complaint as true and draw[s] all reasonable inferences in favor of the plaintiff." *Olson v. Major League Baseball*, 29 F.4th 59, 71 (2d Cir. 2022). The court, however, is not obligated to

adopt "mere conclusory statements" or "[t]hreadbare recitals of the elements of a cause of action" that are not "supported by factual allegations." *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009).

When a party proceeds *pro se*, his pleadings must be "liberally construed," and "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). But *pro se* status "does not exempt a party from compliance with relevant rules of procedural and substantive law." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**DISCUSSION**

Defendant's motion to dismiss is granted because plaintiff failed to plead municipal liability under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). Plaintiff brings claims against defendant under Section 1983, which "provides a cause of action against any person who deprives an individual of federally guaranteed rights under color of state law." *Filarsky v. Delia*, 566 U.S. 377, 383 (2012) (quotation marks omitted). He alleges that municipal employees deprived him of his First and Fourteenth Amendment rights. Plaintiff styles his complaint as presenting separate First Amendment, procedural due process, and *Monell* counts. However, because *Monell* established that municipalities "are not vicariously liable under § 1983 for their employees' actions," *Connick v. Thompson*, 563 U.S. 51, 60 (2011), and can be held liable only if an "action pursuant to official municipal policy of some nature" caused the alleged deprivation of the plaintiff's rights, *Monell*, 436 U.S. at 691; *see Connick*, 563 U.S. at 60–61, the Court construes plaintiff's standalone "*Monell* liability" claim as allegations in support of defendant's liability under plaintiff's substantive claims.

Plaintiff's Section 1983 claims must be dismissed because these allegations are insufficient to plead *Monell* liability. A plaintiff who seeks to hold a municipality liable under Section 1983 must allege (1) "an official policy or custom" that (2) "cause[d] the plaintiff to be subjected to" (3) a "denial" of a federally guaranteed right. *Wray v. City of New York*, 490 F.3d 189, 195 (2d Cir. 2007) (quotation marks and citation omitted). "To satisfy the policy-or-custom requirement, a plaintiff may challenge an 'express rule or regulation,' or the plaintiff may allege that the challenged practice 'was so persistent or widespread as to constitute a custom or usage with the force of law' or that the facts 'imply the constructive acquiescence of senior policy-making officials.'" *Green v. Dep't of Educ. of City of New York*, 16 F.4th 1070, 1077 (2d Cir. 2021) (quoting *Littlejohn v. City of New York*, 795 F.3d 297, 315 (2d Cir. 2015)). "In limited circumstances, a local government's decision not to train certain employees about their legal duty to avoid violating citizens' rights may rise to the level of an official government policy for purposes of § 1983." *Connick*, 563 U.S. at 61.

Plaintiff's allegations that the challenged acts were pursuant to an official policy or custom are deficient because plaintiff offers only "general and conclusory allegation[s]" that do not state a plausible claim. *Green*, 16 F.4th at 1077 (citation omitted); *see Tieman v. City of Newburgh*, No. 13-CV-4178 (KMK), 2015 WL 1379652, at *14 (S.D.N.Y. Mar. 26, 2015) (collecting cases). Plaintiff's complaint states that the constitutional violations he identified were "carried out pursuant to municipal policy, custom, or practice," and that each of the violations he suffered was part of a larger policy. Am. Compl. ¶ 102 (alleging that defendant had a "practice of using OATH proceedings as a foregone-conclusion mechanism to ratify pre-decided disciplinary outcomes against licensees," a "practice of subordinating contemporaneous DCAS security records and client-service policies to later, inflated internal narratives in order to justify severe discipline," a

"policy or longstanding custom of allowing OATH hearing records to be generated, 'corrected,' and selectively used," and a "practice of disregarding mandatory procedures."). These allegations have no factual support anywhere in the complaint. Rather, plaintiff "merely insists—over and over again, in a conclusory fashion" that a policy or custom existed. *D'Alessandro v. City of New York*, 713 F. App'x 1, 10 (2d Cir. 2017). Even construing plaintiff's *pro se* complaint liberally, naked allegations of a policy do not state a *Monell* claim. *See ibid.*; *Graham v. City of New York*, No. 16-CV-4613 (NGG), 2018 WL 1157818, at *9 (E.D.N.Y. Mar. 2, 2018) (dismissing *Monell* claims by a *pro se* plaintiff because complaint lacked "any [relevant] specific facts" to support them).

Plaintiff's allegations based on defendant's failure to train employees, *see Connick*, 563 U.S. at 61, also do not plead a *Monell* claim. Like plaintiff's assertion that defendant acted pursuant to a policy, his bare statement that the constitutional violations he suffered were caused by a "failure to train and supervise [municipal] personnel" is insufficient because it has no factual support. Am. Compl. ¶ 102; *see McPhatter v. City of New York*, 823 F. Supp. 3d 227, 240–41 (E.D.N.Y. 2026) (explaining the factual predicate necessary to allege *Monell* liability based on a failure-to-train theory).

Finally, plaintiff's allegation that "[h]igh-level policymakers and supervising attorneys for the City reviewed and adopted the OATH [Report and Recommendation] . . . thereby ratifying the unconstitutional process" does not make out *Monell* liability under the final policymaker rule. When *Monell* liability "is premised on the policymaker's approval of a subordinate's unlawful act, it must be shown that the policymaker ratified the 'subordinate's decision and the [unlawful] basis for it.'" *Davis v. City of New York*, 75 F. App'x 827, 829–30 (2d Cir. 2003) (quoting *City of St. Louis v. Praprotnik*, 485 U.S. 112, 127 (1988)). Courts thus reject policymaker-approval-based

*Monell* claims in the absence of evidence that the policymaker had an improper intent or knowledge of a subordinate's unconstitutional conduct. *See id.* at 830 (rejecting *Monell* claim when final policymaker was not aware that subordinates' conduct "was motivated by First Amendment retaliation"); *Best Payphones, Inc. v. Dobrin*, 410 F. Supp. 3d 457, 486 (E.D.N.Y. 2019) (same when final policymaker did not "inten[d] to engage in acts of retaliation based on Plaintiff's First Amendment rights"); *Khan v. City of Hartford*, No. 3:24-CV-1120 (SFR), 2025 WL 2532706, at *5 (D. Conn. Sept. 2, 2025) (same when final policymaker did not have "reason to believe" subordinates acted unconstitutionally). Here, the DOB Commissioner who approved the OATH Report & Recommendation may be a final policymaker. But plaintiff has not put forward facts supporting an inference that the DOB Commissioner was aware of any of the alleged procedural due process violations in the OATH hearing, or that he acted with or was aware of any retaliatory animus to plaintiff's exercise of his First Amendment rights. Plaintiff has thus failed to plead that the DOB Commissioner's approval of the OATH Report & Recommendation is a basis of *Monell* liability.

**CONCLUSION**

For the foregoing reasons, defendant's motion to dismiss is granted. Plaintiff may file an amended complaint within 30 days to remedy the deficiencies described above. If no amended complaint is filed, the case will be dismissed, and the Clerk of Court will be directed to close the case.

SO ORDERED.

*/s/ Rachel Kovner*
RACHEL P. KOVNER
United States District Judge

Dated: September 15, 2026
Brooklyn, New York